UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DRAWN,<br>        Petitioner,<br>   v.<br>ROBERT NUESCHID,<br>        Respondent. | Case No. 19-cv-02150-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Robert Drawn filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a 2015 conviction. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition provides the following information: Drawn was convicted in Alameda County Superior Court of first degree murder, attempted murder, being a felon in possession of a firearm, and transportation of an assault weapon, and was found to have used a firearm in two offenses. On December 11, 2015, he was sentenced to 84 years to life in prison.

Drawn appealed. His conviction was affirmed and his petition for review was denied in 2017. He filed unsuccessful habeas petitions in the state courts in 2018 and 2019.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition for writ of habeas corpus alleges the following claims: (1) Drawn's Confrontation Clause rights were violated by the admission of hearsay evidence from a 911 call from an anonymous informant; and (2) Drawn's right to equal protection of the law was violated because he was not given "the same benefits of the reduced punishment as persons sentenced after enactment of Senate Bill 620," Docket No. 1 at 29. Liberally construed, these claims for violations of Drawn's federal constitutional rights are cognizable in a federal habeas action and warrant a response.

The petition also asserts claims for violations of California law. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The claims for errors under California law are dismissed because federal habeas relief is not available for state law errors.

**CONCLUSION**

For the foregoing reasons,

1. The amended petition states two cognizable claims for habeas relief and warrants a response. The state law claims are dismissed.

2. The clerk shall serve a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

2

1    The clerk shall also serve a copy of this order on petitioner.

2        3.    Respondent must file and serve upon petitioner, on or before **June 28, 2019**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

    4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 26, 2019**.

    5.    Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

    6.    Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: April 29, 2019

_____
SUSAN ILLSTON
United States District Judge