UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE ASUNA,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendant. | 1:19-cv-00554-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the Court recommends that the case be dismissed without prejudice for failure to prosecute.

Plaintiff initiated this action on February 20, 2019, by filing a complaint and an application to proceed *in forma pauperis* in the U.S. District Court for the Northern District of California. (ECF Nos. 1, 2.) Because Plaintiff's application to proceed *in forma pauperis* was insufficient, on February 20, 2019, a notice was issued informing Plaintiff of the insufficiency of his application and directing Plaintiff to either pay the $400 filing fee or complete and submit a fully completed *in forma pauperis* application. (*Id.*) This notice warned Plaintiff that if he did not respond within 28 days, his action would be dismissed. Plaintiff has not filed a response to the notice.

1

On April 30, 2019, after the deadline for Plaintiff to file his response had passed, the case was transferred to the U.S. District Court for the Eastern District of California. (ECF No. 9.) As of the date of transfer, Plaintiff had not complied with the February 20, 2019, notice informing Plaintiff that his case would be dismissed if he did not either file a complete application to proceed *in forma pauperis* or pay the $400 filing fee. It therefore appeared that Plaintiff had abandoned and was no longer prosecuting this case. Accordingly, on May 1, 2019, this Court issued an order to show cause, requiring Plaintiff to file a written response within thirty days explaining why his case should not be dismissed for failure to prosecute. (ECF No. 11.) Plaintiff has neither filed a response to the Court's order nor otherwise contacted the Court.

A court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may *sua sponte* involuntarily dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010*); In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotation marks omitted). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the

2

public interest. . . ." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's lack of response to court orders leaves the Court no other reasonable alternative to address Plaintiff's failure to prosecute this case. *See In re PPA*, 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441. This factor accordingly weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Patagalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to respond to and comply with court orders has and will continue to cause a delay in this proceeding. Therefore, this third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's application to proceed *in forma pauperis* and Plaintiff's failure to respond and comply with previous court orders. Further, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed because of Plaintiff's failure to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days of the date these Findings and Recommendations are entered, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 24, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE